WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8437/6695/8817/9144
Email: michael.wheat@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>KATHERINE P. KEALOHA, et al.,<br><br>                    Defendants. | Cr. No. 17-000582 JMS-WRP<br><br>BRIEF REGARDING THE "BEST EVIDENCE" RULE |

The "best evidence rule" is inapplicable to Exhibit 69-2, Gerard K. Puana's Revocable Trust.

1.      There is no "original" Gerard K. Puana Revocable Trust (the "Trust"). The only Trust that exists is the one that Katherine Kealoha provided to First American Title Insurance Company ("First American") in March 2009. Gerard Puana had never seen and did not have a copy of the Trust until September 2014, when Katherine Kealoha, through her civil attorneys, provided the alleged Trust to

Puana in civil discovery. The Trust is a forgery: Gerard Puana did not sign it, and Alison Lee Wong—the alleged notary—does not exist. The sole person with custody and control over this document was Katherine Kealoha. In her prior sworn testimony, Katherine Kealoha admitted her signature is on the Trust, but then she disclaimed the Trust, saying it was not the Trust that she signed.[1] However, the Trust displayed to her during her testimony was the *exact document* she provided to First American in March 2009. Gerard Puana's attorney did not know this fact (he was not provided, and had never seen, Katherine Kealoha's letter to First American transmitting the Trust, Exhibit 69-1). Based on Katherine Kealoha's false representations about the trust document, the civil court refused to permit Gerard Puana's counsel to admit the trust document into evidence at the civil trial.

2.  The "best evidence rule" is inapplicable here. That name is somewhat of a misnomer, as it "in no way involves comparing evidence to determine which is "the best." *United States v. Diaz-Lopez*, 625 F.3d 1198, 1201 (9th Cir. 2010). Instead, the rule, codified in Federal Rules of Evidence 1001, et seq., merely requires the "original writing . . . in order to *prove its contents*," Fed. R. Evid. 1002 (emphasis added), with a duplicate being "admissible to the same extent as the original unless

---

[1] Her disclaiming of the Trust came after various inconsistencies in the Trust document become known, including the fact that a fake notary had been used to "notarize" it.

a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate," Fed. R. Evid. 1003.

The Rule is designed to prefer actual documents over testimony about the *contents* of the document. So, for example, a witness cannot testify about the terms of a deed in lieu of the actual deed. *See Diaz-Lopez*, 625 F.3d at 1201 (quoting 2 George E. Dix et al., McCormick on Evidence § 232 (Kenneth S. Broun, ed., 6th ed. 2009) ("The danger of mistransmitting critical facts which accompanies the use of written copies or recollection, but which is largely avoided when an original writing is presented to prove its terms, justifies preference for original documents.")); *id.* (quoting 4 John Henry Wigmore, Evidence in Trials at Common Law, § 1242 at 574 (James H. Chadbourn rev. 1972) ("[I]n writings the smallest variation in words may be of importance … . Thus the rule applies only to the terms of the document, and not to any other facts about the document.")).

3.     The United States is not seeking to prove the contents of Exhibit 69-2. Accordingly, from the outset, the "best evidence rule" does not apply. The point of the Trust is to establish that Katherine Kealoha forged a trust document into which ownership of the Greenwood Condominium was placed (with her named as trustee). This Trust is centrally relevant to the United States' motive theory. The United States is not relying on the Trust to attempt to prove a contract between the parties, or otherwise to prove the Trust's contents. Accordingly, the "best evidence rule" does not apply to Exhibit 69-2.

4. There are additional reasons the "best evidence rule" does not apply. Rule 1002 permits a duplicate "unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." The objecting party has the burden of showing that a genuine question exists, or that admission of the exhibit would be unfair. *See, e.g.*, *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 71 (2d Cir. 2006) ("Ball has neither raised a genuine question as to the transcript's authenticity nor shown how admitting the duplicate into evidence was unfair."). Katherine Kealoha cannot reasonably question the authenticity of Exhibit 69-1. Indeed, *she provided it to First American* in order to close escrow on the Greenwood Condominium. Moreover, Katherine Kealoha cannot establish the "circumstances make it unfair to admit the duplicate." The reverse is true: it would be unfair to not admit the Trust, which was a document Katherine Kealoha forged to consummate fraud upon the Puanas.

5. Finally, the Rules of Evidence do not directly address forged documents, as present here. But Rule 1004 does address circumstances when the original document is not available. Specifically, Rules 1004(a) and (b) provide that "[a]n original [document] is not required and other evidence of the content of a writing . . . is admissible if . . . all the originals are lost or destroyed, and not by the proponent acting in bad faith [or] an original cannot be obtained by any available judicial process . . . . " Here, the United States has never been able to obtain an original of the Trust. Gerard Puana does not have it. First American does not have

it. Katherine Kealoha has not produced it. The United States has no available judicial process to obtain this document. And the United States did not lose or destroy the originals "in bad faith." Accordingly, even if the best evidence rule applied to these circumstances, which it does not, Rule 1004 would permit admission of Exhibit 69-2.

| | |
|---|---|
| Dated: June 5, 2019 | Respectfully submitted, |
| | WILLIAM P. BARR<br>United States Attorney General |
| | ROBERT S. BREWER, JR.<br>United States Attorney |
| | */s/ Colin M. McDonald*<br>MICHAEL G. WHEAT<br>JOSEPH J.M. ORABONA<br>JANAKI S. GANDHI<br>COLIN M. MCDONALD<br>Special Attorneys to the Attorney General |

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHERINE P. KEALOHA (1), et al.,<br><br>　　　　　Defendants. | Cr. No. 17-00582 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2019.

　　　　　　　　　　　　　　　　　　*/s/ Colin M. McDonald*
　　　　　　　　　　　　　　　　　　COLIN M. MCDONALD