CYNTHIA A. KAGIWADA, HSBA # 7969
ATTORNEY AT LAW
P.O. Box 368
Kaneohe, Hawaii 96744
Telephone: (808) 230-4430
E-mail:  c_kagiwada@hotmail.com

Attorney for Defendant
KATHERINE P. KEALOHA

RUSTAM A. BARBEE, HSBA #5655
ATTORNEY AT LAW
1188 Bishop Street, Suite 2606
Honolulu, Hawaii  96813
Telephone:   (808) 524-4406
Facsimile:   (808) 524-4306
E-mail: Rustam@HonoluluAttorney.com

Attorney for Defendant
LOUIS M. KEALOHA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE P. KEALOHA (1),<br>LOUIS M. KEALOHA (2),<br>DEREK WAYNE HAHN (3),<br>MINH-HUNG NGUYEN (4), and<br>GORDON SHIRAISHI (5)<br>Defendants. | CR NO. 17-00582-JMS-WRP<br><br>DEFENDANTS KATHERINE  P. KEALOHA'S AND LOUIS M. KEALOHA'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE |

## DEFENDANTS KATHERINE P. KEALOHA'S AND LOUIS M. KEALOHA'S PROPOSED JURY INSTRUCTIONS

COME NOW Defendants KATHERINE P. KEALOHA ("K. Kealoha") and

Defendant LOUIS M. KEALOHA ("L. Kealoha") (collectively Defendants

KEALOHAS"), by and through their respective counsel, respectfully submit their

proposed jury instructions.

### A. The Court's Standard Jury Instructions

On February 25, 2019, the Kealohas and the government previously agreed

to give the following Court's Standard Jury Instructions to the jury:

| Standard Instruction No. | Title of Standard Jury Instruction |
|---|---|
| 1 | Duty of Judge |
| 2B[1] | Duty to Follow Instructions-Multiple Defendants |
| 3B[2] | Reasonable Doubt-Multiple Defendants |
| 4B | Defendant's Decision Not To Testify-Multiple Defendants |
| 5 | Evidence-Excluding Argument of Counsel |
| 6 | Evidence-Objections |

[1] On May 2, 2019, Gordon Shiraishi filed his proposed jury instructions, which included a modificaiton to the Court's Standard Jury Instruction 2B. The Kealohas agree with Mr. Shiraishi's proposed modification to this instruction.
[2] The Kealohas propose modifying the first paragraph of the Court's Standard Jury Instruction 3B to add the first paragraph of Ninth Circuit Model Criminal Jury Instruction 3.2 (as modified): Each defendant has pled not guilty to the charges. Each defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge[s] beyond a reasonable doubt.

| 7 | Evidence- Excluding Statements of Judge |
| 8 | Evidence-Stipulations |
| 9 | Evidence-Direct and Circumstantial |
| 11B | Defendant's Decision to Testify-Multiple Defendants |
| 12 | Evidence-Expert Witnesses |
| 13 | Impeachment-Generally |
| 18 | Testimony of Law Enforcment Officer |
| 19B | On or About-Multiple Counts |
| 20 | Knowingly |
| 21D | Caution-Punishment-Multiple Defendants, Multiple Counts |
| 22 | Taking Notes During Trial |
| 23 | No Outside Research |
| 24 | Duty to Deliberate |
| 25B | Verdict Forms-Multiple Defendants |

## B. The Ninth Circuit Model Jury Instructions

The Kealohas additionally request that the following Model Criminal Jury Instructions for the District Courts of the Ninth Circuit be provided to the jury:

| Model Jury Instruction No. | Title of Model Jury Instruction |
|---|---|
| 3.9 | Credibility of Witnesses |
| 3.10 | Activities Not Charged |
| 4.9 | Testimony of Witnesses Involving Special Circumstances-Immunity, Benefits, Accomplice, Plea |
| 6.10 | Mere Presence |
| 8.22 | Multiple Conspiracies |

## C. The Kealohas Proposed Special Jury Instructions

The Kealohas' proposed special jury instructions are attached to this submission.

DATED: Kaneohe, Hawaii, June 11, 2019.

Respectfully submitted,


_____ /s/ Cynthia A. Kagiwada
CYNTHIA A. KAGIWADA
Attorney for Defendant
KATHERINE  P. KEALOHA



_____ /s/ Rustam A. Barbee
RUSTAM A. BARBEE
Attorney for Defendant
LOUIS  M. KEALOHA

## KEALOHAS' PROPOSED INSTRUCTION NO. 1

Defendant Katherine P. Kealoha ("Ms. Kealoha") is charged in Count 1 of the First Superseding Indictment with conspiring to commit offense against the government in violation of Section 371 of Title 18 of the United States Code.  In order for Ms. Kealoha to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about June 2011, and ending on or about May 2016, there was an agreement between two or more persons to commit at least one crime as charged in the First Superseding Indictment; and

Second, Ms. Kealoha became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it.

A conspiracy is a kind of criminal partnership-an agreement of two or more person to commit one or more crimes.   The crimes of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as

an object of the conspiracy with all of you agreeing as to the particular crime

which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the

unlawful plan with the intent to advance or further some object or purpose of the

conspiracy, even though the person does not have full knowledge of all the details

of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is

as responsible for it as the originators.  On the other hand, one who has no

knowledge of a conspiracy, but happens to act in a way which furthers some object

or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a

person does not become a conspirator merely by associating with one or more

persons who are conspirators, nor merely by knowing that a conspiracy exists.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.20 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 2

Defendant Louis M. Kealoha ("Mr. Kealoha") is charged in Count 1 of the First Superseding Indictment with conspiring to commit offense against the government in violation of Section 371 of Title 18 of the United States Code. In order for Mr. Kealoha to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about June 2011, and ending on or about May 2016, there was an agreement between two or more persons to commit at least one crime as charged in the First Superseding Indictment; and

Second, Mr. Kealoha became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it.

A conspiracy is a kind of criminal partnership-an agreement of two or more person to commit one or more crimes. The crimes of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as

an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.20 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 3

Defendant Louis M. Kealoha ("Mr. Kealoha") is charged in Count 2 of the First Superseding Indictment with Obstruction of an Official Proceeding, in violation of Section 1512(c)(2) of Title 18 of the United States Code. In order for Mr. Kealoha to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Kealoha influenced, obstructed, impeded, or tried to influence, obstruct, or to impede an official proceeding by making false statements in the United States District Court for the District of Hawaii or before the Federal grand jury for the District of Hawaii; and,

Second, Mr. Kealoha acted knowingly with the intent to influence, obstruct, or impede an official proceeding.

## KEALOHAS' PROPOSED INSTRUCTION NO. 4

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Katherine P. Kealoha ("Ms. Kealoha") guilty of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as charged in Count 2 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, the person named in Count 2 of the First Superseding Indictment committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as alleged in that Count 2;

Second, the person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) in furtherance of the conspiracy;

Fourth, Ms. Kealoha was a member of the same conspiracy at the time of the offense , charged in Count 2 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 5

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Katherine P. Kealoha ("Ms. Kealoha") guilty of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as charged in Count 3 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, the person named in Count 3 of the First Superseding Indictment committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as alleged in that Count 3;

Second, the person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) in furtherance of the conspiracy;

Fourth, Ms. Kealoha was a member of the same conspiracy at the time of the offense , charged in Count 3 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

**KEALOHAS' PROPOSED INSTRUCTION NO. 6**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Katherine P. Kealoha ("Ms. Kealoha") guilty of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as charged in Count 6 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, the person named in Count 6 of the First Superseding Indictment committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as alleged in that Count 6;

Second, the person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) in furtherance of the conspiracy;

Fourth, Ms. Kealoha was a member of the same conspiracy at the time of the offense , charged in Count 6 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could

reasonably have been foreseen to be a necessary or natural consequence of the

unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 7

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Katherine P. Kealoha ("Ms. Kealoha") guilty of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as charged in Count 8 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, the person named in Count 8 of the First Superseding Indictment committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as alleged in that Count 8;

Second, the person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) in furtherance of the conspiracy;

Fourth, Ms. Kealoha was a member of the same conspiracy at the time of the offense , charged in Count 8 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

### KEALOHAS' PROPOSED INSTRUCTION NO. 8

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Louis P. Kealoha ("Mr. Kealoha") guilty of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as charged in Counts 3 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, the person named in Count 3 of the First Superseding Indictment committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as alleged in that Count 3;

Second, the person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) in furtherance of the conspiracy;

Fourth, Mr. Kealoha was a member of the same conspiracy at the time of the offense, charged in Count 3 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 9

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Louis P. Kealoha ("Mr. Kealoha") guilty of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as charged in Counts 6 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, the person named in Count 6 of the First Superseding Indictment committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as alleged in that Count 6;

Second, the person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) in furtherance of the conspiracy;

Fourth, Mr. Kealoha was a member of the same conspiracy at the time of the offense, charged in Count 6 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 10

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Louis P. Kealoha ("Mr. Kealoha") guilty of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as charged in Counts 8 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, the person named in Count 8 of the First Superseding Indictment committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) as alleged in that Count 8;

Second, the person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of Obstruction of an Official Proceeding under 18 U.S.C. §1512(c)(2) in furtherance of the conspiracy;

Fourth, Mr. Kealoha was a member of the same conspiracy at the time of the offense, charged in Count 8 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 11

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Katherine P. Kealoha ("Ms. Kealoha") guilty of making False Statements to a Federal Officer under 18 U.S.C. §1001 as charged in Count 10 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Counts 10 of the First Superseding Indictment committed the crime making False Statements to a Federal Officer under 18 U.S.C. § 1001 as alleged in Count 10;

Second, a person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of making False Statements to a Federal Officer under 18 U.S.C. §1001 in furtherance of the conspiracy;

Fourth, Ms. Kealoha was a member of the same conspiracy at the time of the offense charged in Count 10 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 12

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Defendant Louis P. Kealoha ("Mr. Kealoha") guilty of making False Statements to a Federal Officer under 18 U.S.C. §1001 as charged in Counts 10 of the First Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count 10 of the First Superseding Indictment committed the crime making False Statements to a Federal Officer under 18 U.S.C. § 1001 as alleged in that Count 10;

Second, a person was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Third, the person committed the crime of making False Statements to a Federal Officer under 18 U.S.C. §1001 in furtherance of the conspiracy;

Fourth, Mr. Kealoha was a member of the same conspiracy at the time of the offense charged in Count 10 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 8.25 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 13

You have heard evidence that Defendant Katherine P. Kealoha ("Ms. Kealoha") committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of Ms. Kealohas's motive and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which Ms. Kealoha is now on trial.

**Ninth Circuit Manual of Model Criminal Jury Instruction No. 4.3 (2019).**

## KEALOHAS' PROPOSED INSTRUCTION NO. 14

An act is done willfully if the defendant acted deliberately and with

knowledge both that the false statement was untrue and that his conduct was

unlawful.


**Ninth Circuit Manual of Model Criminal Jury Instruction No. 5.5, Comment (2019).**