WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/6695/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>         v.<br><br>KATHERINE P. KEALOHA, et al.,<br><br>                         Defendants. | Cr. No. 17-00582 JMS-WRP<br><br>MOTION TO PRECLUDE IMPROPER CLOSING ARGUMENT |

1.     During a recent sidebar at trial, counsel for Louis Kealoha stated his intent to argue, as the United States understands it, that when Gerard Puana gets angry, he acts on that anger. More specifically, counsel stated that part of the theory of his case is that the anger Gerard Puana displayed in June 2011 (when he was arrested for unlawful entry into a dwelling), tends to prove that Gerard Puana

committed the mailbox theft in June 2013. This is an improper propensity argument and cannot be made at closing.[1]

2.  Rule 404(a) states, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Louis Kealoha's planned closing argument runs headlong into this rule. He has no evidence that Gerard Puana took the mailbox in June 2013. Accordingly, he must stretch to argue that when Gerard Puana gets angry, he commits crimes. That argument is pure propensity.[2] And it is improper. *See United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) ("Rule 404 . . . renders inadmissible evidence of a person's general character if used to show propensity or proclivity"; "[c]haracter evidence . . . tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to

---

[1]  Counsel also elicited testimony about a "coffee cup" incident (also on June 27, 2011) and an incident involving Gerard Puana and a roommate at Sand Island. The same analysis applies to these facts as well.

[2]  In a prior filing with the Court, defense counsel specifically spelled out the improper propensity argument, claiming a certain exhibit was admissible because it was "relevant to show Gerard Puana's **propensity** to behave erratically and irrationally under certain circumstances." ECF No. 443 at 3 (emphasis added). This line of argument is exactly what Rule 404 prohibits.

(ECF No. 443 was the Kealohas' response in opposition to the United States' prior motion *in limine* to preclude reference to Gerard Puana's criminal history and alleged drug use, located at ECF No. 396.)

2

punish the bad man because of their respective characters despite what the evidence in the case shows actually happened").

Moreover, even while facts surrounding these prior events were admitted into evidence, this does not permit improper propensity arguments. *See, e.g.*, *United States v. Brown*, 327 F.3d 867, 871-872 (9th Cir. 2003) (improper to make propensity argument from evidence admitted solely under Rule 404(b) to establish intent).[3] With regard to defense testimony, much of the June 2011 and Sand Island evidence was admitted for limited impeachment purposes.[4] Defense counsel's argument must be tethered to that purpose. And regardless of the specific grounds for admitting any piece of evidence, under no circumstances do the rules of evidence permit the argument proffered by Defendant Louis Kealoha here.

//

---

[3] Beyond being legally improper, counsel's intended argument is factually unsupported. There is no evidence that Gerard Puana was "angry" the day of the alleged mailbox theft in June 2013. The evidence showed that, on June 21, 2013, he spent time with out-of-town family, and then went home. He then went to a family function the next day. There are no facts from which counsel can reasonably infer that Gerard Puana was "angry" on June 21, 2013.

[4] Some of these facts were admitted over objection by the United States. The Court had specifically limited the testimony of Gerard Puana's neighbor to what Gerard Puana was wearing on the day of his unlawful entry. Nonetheless, counsel for Louis Kealoha took the witness down a path that led her to testify that Gerard Puana was the man who "broke" into her house on June 27, 2011 (or something to that effect). Even despite the Court's prior ruling, counsel for Louis Kealoha repeated that improper statement during subsequent questioning. Given the Court's ruling on the appropriate scope of testimony, counsel should be prohibited from characterizing the event in that way in closing.

3

The defense should be prohibited from making improper propensity arguments in closing.

Dated: June 21, 2019.  Respectfully submitted,

WILLIAM P. BARR
United States Attorney General
ROBERT S. BREWER, JR.
United States Attorney

*/s/ Colin M. McDonald*
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>    v.<br><br>KATHERINE P. KEALOHA, et al.,<br><br>                Defendants. | Cr. No. 17-00582 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 21, 2019.

                                                                   */s/ Colin M. McDonald*
                                                                   COLIN M. MCDONALD