IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 17-00582 JMS-WRP |
| Plaintiff, | JURY INSTRUCTIONS |
| vs. | |
| KATHERINE P. KEALOHA; LOUIS M. KEALOHA; DEREK WAYNE HAHN; MINH-HUNG NGUYEN; GORDON SHIRAISHI, | |
| Defendants. | |

## **JURY INSTRUCTIONS**

Attached are the court's jury instructions in numerical order as provided to the jury.

DATED:  Honolulu, Hawaii, June 26, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

COURT'S INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case and will soon hear final argument of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is now my duty to instruct you on the law applicable to the case.

COURT'S INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now defining for you.  Unless otherwise stated, you should consider each instruction to apply separately and individually to each defendant on trial.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, celebrity, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

2

## COURT'S INSTRUCTION NO. 3

The indictment is not evidence.  Each defendant has pleaded not guilty to the charges.  Each defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, a defendant does not have to testify or present any evidence.  A defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence,

you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

COURT'S INSTRUCTION NO. 4

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that a defendant did not testify; in other words, in arriving at your verdict, the law prohibits you from considering in any manner that a defendant did not testify.

COURT'S INSTRUCTION NO. 5

It is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Anything you may have seen or heard when the court was not in session is not evidence.

Any statements, comments, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

COURT'S INSTRUCTION NO. 6

Rules of evidence control what can be received into evidence.  During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled an objection, the question was answered or the exhibit received.  If I sustained an objection, the question was not answered or the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

COURT'S INSTRUCTION NO. 7

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

## COURT'S INSTRUCTION NO. 8

In this case, the parties have agreed, or stipulated, as to certain facts. This means that they agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

COURT'S INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 10

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In evaluating the testimony of a witness, you may consider: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability.  You may accept or reject the testimony of any witness in whole or in part.  That is, you may believe everything a witness says, or part of it, or none of it.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it

differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Inconsistencies or discrepancies in the testimony, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  In weighing the effect of inconsistencies or discrepancies, whether they occur within one witness's testimony or as between different witnesses, consider whether they result from innocent error or deliberate falsehood.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## COURT'S INSTRUCTION NO. 11

In this case, certain witnesses testified as expert witnesses.  The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## COURT'S INSTRUCTION NO. 12

A witness may be discredited or impeached by contradictory evidence by a showing that: (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

## COURT'S INSTRUCTION NO. 13

You have heard testimony from Niall Silva, a witness who:

(1) pleaded guilty to a crime arising out of the same or similar events for which the

defendants are on trial, and (2) may receive benefits from the government in

connection with this case.  The guilty plea is not evidence against the defendants,

and you may consider the plea only in determining the witness's believability.

For these reasons, in evaluating the testimony of Niall Silva, you

should consider the extent to which or whether his testimony may have been

influenced by any of these factors.  In addition, you should examine the testimony

of Niall Silva with greater caution than that of other witnesses.

## COURT'S INSTRUCTION NO. 14

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness.  A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it is given by a law enforcement officer.

## COURT'S INSTRUCTION NO. 15

The indictment charges that the offenses were committed "on or about" certain dates. The evidence need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

COURT'S INSTRUCTION NO. 16

COUNT ONE—CONSPIRACY (ALL DEFENDANTS)

Defendants Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, Minh-Hung Nguyen, and Gordon Shiraishi are charged in Count One of the indictment with conspiring to commit an offense against the United States.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about June 2011, and continuing to no later than October 2017, there was an agreement between two or more persons to commit at least one of the crimes as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after October 19, 2012 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

18

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit. The agreement need not be explicit, and can be proved by direct or circumstantial evidence, including inferences from circumstantial evidence.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that each defendant personally did one of the overt acts.  You need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy.

## COURT'S INSTRUCTION NO. 17

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with all of the other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the "objects" of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and,

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

COURT'S INSTRUCTION NO. 18

The conspiracy offense charged in Count One of the indictment alleges as objects of the conspiracy that the defendants agreed to commit four crimes against the United States.  In order to find a defendant guilty of this charge of conspiracy, you must unanimously find that there was an agreement to commit at least one of these four crimes, with all of you agreeing as to the particular crime the conspirators agreed to commit.  It does not matter whether the crime agreed upon was committed.

The four crimes charged as objects of the conspiracy are as follows:

1.  Deprivation of Civil Rights

The indictment charges as an object of the conspiracy a crime of deprivation of Gerard Puana's civil rights.  This crime has the following elements:

First, the defendant was acting under color of law when the defendant committed the acts charged;

Second, the defendant deprived Gerard Puana of his right to be free from unreasonable searches and seizures, which are rights secured by the Fourth Amendment to the United States Constitution, and,

Third, the defendant acted willfully.

A person acts under "color of law" when that person exercises power that he or she possesses by virtue of state, county, or municipal law and made possible only because he or she is clothed with that authority.  Further, a person acts under "color of law" when he or she acts in his or her official capacity or purports or claims to act in his or her official capacity.  Action under "color of law" includes the abuse or misuse of the power possessed by the defendant by virtue of his or her office or official position.  A private person acts under "color of law" if that person is a willful participant in joint activity with someone that person knows to be a public official.

For this crime, a defendant acts "willfully" if the defendant acted with a bad purpose, intending to deprive Gerard Puana of these Constitutional rights.  The defendant must act voluntarily and deliberately, not through ignorance, mistake or accident.

The Fourth Amendment of the United States Constitution applies to a person acting under color of law, and generally prohibits entering into a person's home or car without a warrant.  The Fourth Amendment also generally prohibits intentionally seizing a person's property without a warrant.

The Fourth Amendment also generally prohibits arrests without a warrant, unless an officer has probable cause to believe that an individual

24

committed a crime.  Probable cause is defined as a fair probability that an

individual has committed a crime.

A false arrest or false imprisonment violates the Fourth Amendment.

A defendant does not have to personally commit the unlawful search, seizure, or

arrest—it is sufficient if a defendant willfully caused one of these acts to be done.

### 2.  Obstruction of an Official Proceeding

Next, the indictment charges as an object of the conspiracy the crime

of obstruction of an official proceeding.  This crime has the following elements:

First, the defendant influenced, obstructed, or impeded the due

administration of justice in an official proceeding, by making false statements in an

ongoing criminal trial against Gerard Puana in the United States District Court for

the District of Hawaii, or before the federal grand jury for the District of Hawaii;

Second, the false statement was material to the official proceeding;

that is, it had a natural tendency to influence, or was capable of influencing, the

decisions and activities in the criminal case against Gerard Puana in the United

States District Court for the District of Hawaii, or before the federal grand jury for

the District of Hawaii; and,

Third, the defendant acted corruptly, that is, with the intent and

purpose of obstructing justice.

25

### 3.  False Statement to a Federal Government Agency

Next, the indictment charges as an object of the conspiracy the crime of knowingly and willfully make a false statement in a matter within the jurisdiction of a federal governmental agency or department.  This crime has the following elements:

First, the defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI) or the United States Postal Inspection Service (USPIS);

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and,

Fourth, the statement was material to the activities or decisions of the FBI or the USPIS; that is, it had a natural tendency to influence, or was capable of influencing, the FBI's or USPIS's decisions or activities.

The false statement need not have actually influenced the FBI or USPIS, and the FBI or USPIS need not rely on the information in fact for it to be material.

### 4.  Obstruction of Justice

Finally, the indictment charges as an object of the conspiracy the crime of knowingly altering and falsifying records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of a department and agency of the United States. This crime has the following elements:

First, the defendant knowingly altered or falsified a record, document or tangible object; and,

Second, the defendant acted with the intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

The government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice. The defendant's intention to obstruct justice must be substantial.

## COURT'S INSTRUCTION NO. 19

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict as to Count One for all defendants, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

COURT'S INSTRUCTION NO. 20

COUNT TWO—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING
(LOUIS M. KEALOHA)

Defendant Louis M. Kealoha is charged in Count Two of the

indictment with attempt to obstruct an official proceeding.

Specifically, the indictment charges that, on or about December 4,

2014, during the criminal trial of Gerard Puana in the United States District Court

for the District of Hawaii, Defendant Louis M. Kealoha testified falsely that the

person depicted in the surveillance video of the alleged mailbox theft on June 21,

2013, was Gerard Puana.

In order for Defendant Louis M. Kealoha to be found guilty of this

charge, the government must prove each of the following elements beyond a

reasonable doubt:

First, on or about December 4, 2014, Defendant Louis M. Kealoha

attempted to influence, obstruct, or impede the criminal trial of Gerard Puana in the

United States District Court for the District of Hawaii by making a false statement;

Second, the false statement was material to the official proceeding;

that is, it had a natural tendency to influence, or was capable of influencing, the

decisions and activities in the criminal trial of Gerard Puana in the United States

District Court for the District of Hawaii; and,

Third, Defendant Louis M. Kealoha acted corruptly, that is, with the intent and purpose of obstructing justice.

COURT'S INSTRUCTION NO. 21

(*PINKERTON* RULE OF RESPONSIBILITY)

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are at that time members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

This rule of criminal responsibility is referred to in these instructions as the "*Pinkerton* rule" based on the name of a Supreme Court case. The *Pinkerton* rule applies to Counts Two, Three, Six, Eight, and Ten as instructed below.

COURT'S INSTRUCTION NO. 22

COUNT TWO—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING
UNDER THE *PINKERTON* RULE
(KATHERINE P. KEALOHA, DEREK WAYNE HAHN, AND MINH-HUNG
NGUYEN)

Count Two as to Katherine P. Kealoha, Derek Wayne Hahn, and

Minh-Hung Nguyen is based on the "*Pinkerton* rule" as described in Court's

Instruction No. 21.

Accordingly, based on the attempt-to-obstruct-an-official-proceeding

charge against Louis M. Kealoha in Count Two, Defendants Katherine P. Kealoha,

Derek Wayne Hahn, and Minh-Hung Nguyen are also charged with attempt to

obstruct an official proceeding in Count Two.

You may find Defendants Katherine P. Kealoha, Derek Wayne Hahn,

or Minh-Hung Nguyen guilty of attempting to obstruct an official proceeding as

charged in Count Two, if the government has proved each of the following

elements beyond a reasonable doubt:

First, Defendant Louis M. Kealoha committed the crime of attempting

to obstruct an official proceeding as alleged in Count Two; that is, you have found

Louis M. Kealoha guilty of Count Two;

Second, Defendant Louis M. Kealoha was a member of the conspiracy charged in Count One of the indictment; that is, you have found Louis M. Kealoha guilty of Count One;

Third, Defendant Louis M. Kealoha committed the crime charged in Count Two in furtherance of the conspiracy;

Fourth, as to Katherine P. Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen, he or she was a member of the same conspiracy at the time the offense charged in Count Two was committed by Louis M. Kealoha; and,

Fifth, the offense charged in Count Two committed by Louis M. Kealoha fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You are to consider these elements as to Katherine P. Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen separately.

COURT'S INSTRUCTION NO. 23

COUNT THREE—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING
(GORDON SHIRAISHI)

Defendant Gordon Shiraishi is charged in Count Three of the

indictment with attempt to obstruct an official proceeding.

Specifically, the indictment charges that, on or about January 7, 2016,

before the federal grand jury for the District of Hawaii, Defendant Gordon

Shiraishi testified falsely, first, that on the morning of June 22, 2013, around 9:00

a.m., he received a call on his cell phone from Louis M. Kealoha about the

Kealohas' missing mailbox, and, second, that Defendant Gordon Shiraishi called

Derek Wayne Hahn and directed Hahn to send a Criminal Intelligence Unit

technician to the Kealohas' residence to recover the hard drive from the video

surveillance system.

In order for Defendant Gordon Shiraishi to be found guilty of this

charge, the government must prove each of the following elements beyond a

reasonable doubt:

First, on or about January 7, 2016, Defendant Gordon Shiraishi

attempted to influence, obstruct, or impede an official proceeding by making false

statements before the federal grand jury for the District of Hawaii, with all of you

agreeing as to which statement was false;

34

Second, the false statement was material to the official proceeding; that is, it had a natural tendency to influence, or was capable of influencing, the decisions and activities of the federal grand jury for the District of Hawaii; and,

Third, Defendant Gordon Shiraishi acted corruptly, that is, with the intent and purpose of obstructing justice.

COURT'S INSTRUCTION NO. 24

COUNT THREE—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING
UNDER THE *PINKERTON* RULE
(KATHERINE P. KEALOHA, LOUIS M. KEALOHA, DEREK WAYNE HAHN,
AND MINH-HUNG NGUYEN)

Count Three as to Defendants Katherine P. Kealoha, Louis M.

Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen is based on the "*Pinkerton*

rule" as described in Court's Instruction No. 21.

Accordingly, based on the attempt-to-obstruct-an-official-proceeding

charge against Defendant Gordon Shiraishi in Count Three of the indictment,

Defendants Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and

Minh-Hung Nguyen are also charged with obstruction of an official proceeding in

Count Three.

You may find Defendants Katherine P. Kealoha, Louis M. Kealoha,

Derek Wayne Hahn, or Minh-Hung Nguyen guilty of attempt to obstruct an official

proceeding as charged in Count Three, if the government has proved each of the

following elements beyond a reasonable doubt:

First, Defendant Gordon Shiraishi committed the crime of attempt to

obstruct an official proceeding as alleged in Count Three; that is, you have found

Defendant Gordon Shiraishi guilty of Count Three;

36

Second, Defendant Gordon Shiraishi was a member of the conspiracy charged in Count One of the indictment; that is, you have found Defendant Gordon Shiraishi guilty of Count One;

Third, Defendant Gordon Shiraishi committed the crime charged in Count Three in furtherance of the conspiracy;

Fourth, as to Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen, he or she was a member of the same conspiracy at the time the offense charged in Count Three was committed by Defendant Gordon Shiraishi; and,

Fifth, the offense charged in Count Three committed by Defendant Gordon Shiraishi fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You are to consider these elements as to Katherine P. Keahola, Louis M. Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen separately.

COURT'S INSTRUCTION NO. 25

COUNT SIX—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING
(MINH-HUNG NGUYEN)

Defendant Minh-Hung Nguyen is charged in Count Six of the indictment with attempt to obstruct an official proceeding.

Specifically, the indictment charges that, on or about April 21, 2016, before the federal grand jury for the District of Hawaii, Defendant Minh-Hung Nguyen testified falsely, first, that he was standing next to Niall Silva at the Kealohas' residence when the original hard drive containing the surveillance video of the alleged mailbox theft was retrieved from the residence, and, second, that Gerard Puana was the person depicted in the surveillance video of the alleged mailbox theft.

In order for Defendant Minh-Hung Nguyen to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about April 21, 2016, Defendant Minh-Hung Nguyen attempted to influence, obstruct, or impede an official proceeding by making false statements before the federal grand jury for the District of Hawaii, with all of you agreeing as to which statement was false;

Second, the false statement was material to the official proceeding; that is, it had a natural tendency to influence, or was capable of influencing, the decisions and activities of the federal grand jury for the District of Hawaii; and,

Third, Defendant Minh-Hung Nguyen acted corruptly, that is, with the intent and purpose of obstructing justice.

COURT'S INSTRUCTION NO. 26

## COUNT SIX—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING UNDER THE *PINKERTON* RULE
### (KATHERINE P. KEALOHA, LOUIS M. KEALOHA, DEREK WAYNE HAHN, AND GORDON SHIRAISHI)

Count Six as to Defendants Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Gordon Shiraishi is based on the "*Pinkerton* rule" as described in Court's Instruction No. 21.

Accordingly, based on the attempt-to-obstruct-an-official-proceeding charge against Defendant Minh-Hung Nguyen in Count Six of the indictment, Defendants Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Gordon Shiraishi are also charged with obstruction of an official proceeding in Count Six.

You may find Defendants Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, or Gordon Shiraishi guilty of attempting to obstruct an official proceeding as charged in Count Six, if the government has proved each of the following elements beyond a reasonable doubt:

First, Defendant Minh-Hung Nguyen committed the crime of attempt to obstruct an official proceeding as alleged in Count Six; that is, you have found Defendant Minh-Hung Nguyen guilty of Count Six;

40

Second, Defendant Minh-Hung Nguyen was a member of the conspiracy charged in Count One of the indictment; that is, you have found Defendant Minh-Hung Nguyen guilty of Count One;

Third, Defendant Minh-Hung Nguyen committed the crime charged in Count Six in furtherance of the conspiracy;

Fourth, as to Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Gordon Shiraishi, he or she was a member of the same conspiracy at the time the offense charged in Count Six was committed by Defendant Minh-Hung Nguyen; and,

Fifth, the offense charged in Count Six committed by Defendant Minh-Hung Nguyen fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You are to consider these elements as to Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Gordon Shiraishi separately.

COURT'S INSTRUCTION NO. 27

## COUNT EIGHT—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING (MINH-HUNG NGUYEN)

Defendant Minh-Hung Nguyen is charged in Count Eight of the indictment with attempt to obstruct an official proceeding.

Specifically, the indictment charges that, on or about May 19, 2016, before the federal grand jury for the District of Hawaii, Defendant Minh-Hung Nguyen testified in a false and misleading manner by stating that he did not recall communicating with Niall Silva about the false information they were providing to the United States Postal Inspection Service and in Gerard Puana's criminal trial.

In order for Defendant Minh-Hung Nguyen to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about May 19, 2016, Defendant Minh-Hung Nguyen attempted to influence, obstruct, or impede an official proceeding by making a false statement before the federal grand jury for the District of Hawaii, with all of you agreeing as to which statement was false;

Second, the false statement was material to the official proceeding; that is, it had a natural tendency to influence, or was capable of influencing, the decisions and activities of the federal grand jury for the District of Hawaii; and,

Third, Defendant Minh-Hung Nguyen acted corruptly, that is, with the intent and purpose of obstructing justice.

COURT'S INSTRUCTION NO. 28

COUNT EIGHT—ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING
UNDER THE *PINKERTON* RULE
(KATHERINE P. KEALOHA, LOUIS M. KEALOHA, DEREK WAYNE
HAHN, AND GORDON SHIRAISHI)

Count Eight as to Defendants Katherine P. Kealoha, Louis M.

Kealoha, Derek Wayne Hahn, and Gordon Shiraishi is based on the "*Pinkerton*

rule" as described in Court's Instruction No. 21.

Accordingly, based on the attempt-to-obstruct-an-official-proceeding

charge against Defendant Minh-Hung Nguyen in Count Eight of the indictment,

Defendants Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and

Gordon Shiraishi are also charged with obstruction of an official proceeding in

Count Eight.

You may find Defendants Katherine P. Kealoha, Louis M. Kealoha,

Derek Wayne Hahn, or Gordon Shiraishi guilty of attempt to obstruct an official

proceeding as charged in Count Eight, if the government has proved each of the

following elements beyond a reasonable doubt:

First, Defendant Minh-Hung Nguyen committed the crime of attempt

to obstruct an official proceeding as alleged in Count Eight; that is, you have found

Defendant Minh-Hung Nguyen guilty of Count Eight;

Second, Defendant Minh-Hung Nguyen was a member of the conspiracy charged in Count One of the indictment; that is, you have found Defendant Minh-Hung Nguyen guilty of Count One;

Third, Defendant Minh-Hung Nguyen committed the crime charged in Count Eight in furtherance of the conspiracy;

Fourth, as to Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Gordon Shiraishi, he or she was a member of the same conspiracy at the time the offense charged in Count Eight was committed by Defendant Minh-Hung Nguyen; and,

Fifth, the offense charged in Count Eight committed by Defendant Minh-Hung Nguyen fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You are to consider these elements as to Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Gordon Shiraishi separately.

COURT'S INSTRUCTION NO. 29

COUNT TEN—FALSE STATEMENT (GORDON SHIRAISHI)

Defendant Gordon Shiraishi is charged in Count Ten of the indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a federal governmental agency or department.

Specifically, the indictment alleges that, on or about November 16, 2015, Defendant Gordon Shiraishi falsely stated to the Federal Bureau of Investigation (FBI), first, that on June 22, 2013, at around 9:00 a.m., Defendant Gordon Shiraishi received a call on his cell phone from Defendant Louis M. Kealoha complaining that his mailbox was gone, and second, that Defendant Gordon Shiraishi contacted Defendant Derek Wayne Hahn soon thereafter and directed that a technician from the Criminal Intelligence Unit be sent to Defendant Louis M. Kealoha's home to examine the video surveillance footage.

In order for Defendant Gordon Shiraishi to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about November 16, 2015, Defendant Gordon Shiraishi made a false statement to the FBI, with all of you agreeing as to which statement was false;

46

Second, the statement was made in a matter within the jurisdiction of the FBI;

Third, Defendant Gordon Shiraishi acted willfully; that is, the defendant acted deliberately and with the knowledge both that the statement was untrue and that his conduct was unlawful; and,

Fourth, the statement was material to the activities or decisions of the FBI; that is, it had a natural tendency to influence, or was capable of influencing, the FBI's decisions or activities.

The false statement need not have actually influenced the FBI, and the FBI need not rely on the information in fact for it to be material.

COURT'S INSTRUCTION NO. 30

COUNT TEN—FALSE STATEMENT UNDER THE *PINKERTON* RULE
(KATHERINE P. KEALOHA, LOUIS M. KEALOHA, DEREK WAYNE HAHN,
AND MINH-HUNG NGUYEN)

Count Ten as to Defendants Katherine P. Kealoha, Louis M. Kealoha,
Derek Wayne Hahn, and Minh-Hung Nguyen is based on the "*Pinkerton* rule" as
described in Court's Instruction No. 21.

Accordingly, based on the making-a-false-statement charge against
Defendant Gordon Shiraishi in Count Ten of the indictment, Defendants Katherine
P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen are
also charged with making a false statement in Count Ten.

You may find Defendants Katherine P. Kealoha, Louis M. Kealoha,
Derek Wayne Hahn, or Minh-Hung Nguyen guilty of making a false statement as
charged in Count Ten, if the government has proved each of the following
elements beyond a reasonable doubt:

First, Defendant Gordon Shiraishi committed the crime of making a
false statement as alleged in Count Ten; that is, you have found Defendant Gordon
Shiraishi guilty of Count Ten;

Second, Defendant Gordon Shiraishi was a member of the conspiracy charged in Count One of the indictment; that is, you have found Defendant Gordon Shiraishi guilty of Count One;

Third, Defendant Gordon Shiraishi committed the crime charged in Count Ten in furtherance of the conspiracy;

Fourth, as to Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen, he or she was a member of the same conspiracy at the time the offense charged in Count Ten was committed by Defendant Gordon Shiraishi; and,

Fifth, the offense charged in Count Ten committed by Defendant Gordon Shiraishi fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You are to consider these elements as to Katherine P. Kealoha, Louis M. Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen separately.

## COURT'S INSTRUCTION NO. 31

An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## COURT'S INSTRUCTION NO. 32

You have heard evidence that Katherine P. Kealoha engaged in certain conduct, such as obtaining funds from Gerard Puana for investment and events surrounding the reverse mortgage, including the notary public identified as Alison Lee Wong.  This evidence was admitted for the limited purpose of showing motive to commit the charged offenses in the indictment, and to provide background and context to the charged crimes.  You may not consider this evidence for any other purpose.

COURT'S INSTRUCTION NO. 33

You have heard evidence concerning the outcome of the prior civil

lawsuit in the State of Hawaii between Florence Puana, Gerard Puana and

Katherine P. Kealoha.  This evidence was admitted for the sole purpose of

assessing the credibility of the testimony of Gerard Puana and/or Florence Puana.

Thus, you may not consider this evidence for any purpose or reason other than the

credibility of Gerard Puana and/or Florence Puana.

COURT'S INSTRUCTION NO. 34

Certain charts and summaries have been admitted into evidence and will go into the jury room with you.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

You were also shown other charts and summaries which were not admitted into evidence.  During trial, these were sometimes referred to as demonstrative exhibits.  These charts and summaries were shown to you in order to help explain the evidence in the case.  They will not go into the jury room with you.  These charts are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

COURT'S INSTRUCTION NO. 35

A separate crime or offense is charged against one or more of the defendants in each count of the indictment.  Each offense, and the evidence pertaining to it, should be considered by you separately.  Also, the case of each defendant should be considered by you separately and individually.

I caution you, members of the jury, that you are here to determine whether each of the defendants is guilty or not guilty from the evidence in this case.  The defendants are not on trial for any act or conduct or offense not alleged in the indictment.  Nor are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the judge, and should never be considered by the jury in any way in arriving at an impartial verdict.

## COURT'S INSTRUCTION NO. 36

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

COURT'S INSTRUCTION NO. 37

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, watch any television reports, or review any social media about the case or about anyone who has anything to do with it.  Do not do any research, such as searching the internet, or using other reference materials, and do not make any investigation about the case on your own.  And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all twelve of you present.

COURT'S INSTRUCTION NO. 38

Each verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

COURT'S INSTRUCTION NO. 39

Upon retiring to the jury room you should first select one juror to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  Verdict forms have been prepared for your convenience.

You will be given six verdict forms—one for each Count of the indictment.  When completing the verdict forms, consider that some of the charges are interconnected and thus—for Counts Two, Three, Six, Eight, and Ten of the indictment—you will have to first determine if the one of the defendants is not guilty or guilty before next considering whether the other defendants for that count are not guilty or guilty under the "*Pinkerton* rule."

For example, for Count Two of the indictment, you should first determine if Louis M. Kealoha is not guilty or guilty.  If you find Louis M. Kealoha not guilty of Count Two, then the other defendants charged in Count Two must be found not guilty as well.  But if you find Louis M. Kealoha guilty of Count Two, then you must determine if the other defendants charged in Count Two under the "*Pinkerton* rule" are not guilty or guilty based on my instructions.

So, by way of example, for Count Two you should first deliberate as to whether Louis M. Kealoha is guilty or not guilty.  If you find Louis M. Kealoha not guilty, then on the verdict form indicate not guilty as to Count Two as to all

defendants charged in Count Two of the indictment.  But if you find Louis M. Kealoha guilty as to Count Two, then you must make a separate determination under the "*Pinkerton* rule" whether Katherine P. Kealoha is not guilty or guilty as to Count Two; whether Derek Wayne Hahn is not guilty or guilty as to Count Two; and whether Minh-Hung Nguyen is not guilty or guilty as to Count Two.

Thus, I suggest that you began your deliberations with Count One. Once you have reached a verdict on Count One, you can then deliberate on Counts Two, Three, Six, Eight, and Ten in any order.  But I suggest that as you consider each of these counts, you deliberate as follows:  For Count Two, start your deliberations with Louis M. Kealoha, and then turn to the other defendants charged in Count Two; for Count Three, start your deliberations with Gordon Shiraishi, and then turn to the other defendants charged in Count Three; for Count Six, start your deliberations with Minh-Hung Nguyen, and turn to the other defendants charged in Count Six; for Count Eight, start your deliberations with Minh-Hung Nguyen, and then turn to the other defendants charged in Count Eight; and for Count Ten, start your deliberations with Gordon Shiraishi, and then turn to the other defendants charged in Count Ten.

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill them in, date and sign them, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, have the foreperson sign the note, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.