IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00582 JMS-WRP |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PRIOR STATE COURT VERDICT, ECF NO. 395 |
| vs. | |
| KATHERINE P. KEALOHA (1); LOUIS M. KEALOHA (2); DEREK WAYNE HAHN (3); MINH-HUNG NGUYEN (4); and GORDON SHIRAISHI (5), | |
| Defendants. | |

## <u>ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PRIOR STATE COURT VERDICT, ECF NO. 395</u>

The United States seeks to exclude the jury verdict and related documents from the state civil lawsuit involving Gerard Puana and Florence Puana ("the Puanas") and Katherine Kealoha, *Puana v. Kealoha*, Case No. 13-1-0686-03-VLC (Haw. 1st Cir. Ct.). ECF No. 395; *see also* ECF No. 727. The United States seeks exclusion based on several grounds: (1) relevance; (2) the rule against hearsay; and (3) Federal Rule of Evidence 403. *See* ECF No. 395 at PageID #3259; ECF No. 727 at PageID #6255.

For the reasons set forth below, the United States' Motion in Limine, ECF No. 395, is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

### A. Factual Background

The parties do not appear to dispute the following facts: The Puanas filed a state civil complaint on March 7, 2013 against Katherine Kealoha, alleging that she had breached her fiduciary duty and defrauded them of money from a reverse mortgage taken out by Florence Puana and investments made by Gerard Puana. That case was *Puana v. Kealoha*, Case No. 13-1-0686-03-VLC. Katherine Kealoha filed a counterclaim against the Puanas on April 29, 2013, alleging that the Puanas made misrepresentations about Florence Puana's reverse mortgage and Gerard Puana's mortgage payments, and that the lawsuit was an abuse of process. On June 19, 2013, Keatherine Kealoha was deposed in *Puana v. Kealoha*. On June 22, 2013, Katherine Kealoha reported her mailbox stolen. Gerard Puana was charged in this court by complaint with destruction of a letter box on July 1, 2013 and was subsequently indicted for the same charge on July 11, 2013. On December 4, 2014, a criminal trial of Gerard Puana based on this charge commenced, and a mistrial was declared that same day. This charge was dismissed with prejudice on December 16, 2014. The civil jury trial between the Puanas and

Katherine Kealoha began in January 2015, culminating with a verdict on February 12, 2015. The jury found in favor of Katherine Kealoha on all claims and counterclaims, awarding her general damages of $200,000 and punitive damages of $210,000.

The United States' theory in the instant case is that Katherine Kealoha, Louis Kealoha, Derek Wayne Hahn, Minh-Hung Nguyen, and Gordon Shiraishi ("Defendants") conspired together to (among other things): (1) frame Gerard Puana for the theft of Katherine and Louis Kealoha's mailbox and (2) subsequently attempt a coverup of the framing. The Defendants' alleged acts to frame Gerard Puana occurred prior to the verdict in the civil case. Some of the alleged coverup acts occurred after the verdict—e.g., lying to the grand jury.

**B.     Procedural Background**

On February 11, 2019, the United States filed its Motion in Limine. ECF No. 395. Defendants Katherine and Louis Kealoha filed their Opposition on February 25, 2019. ECF No. 442. The United States filed its Reply on March 6, 2019. ECF No. 478. At the March 12, 2019 hearing on the Motion in Limine, the court held its ruling in abeyance pending hearing evidence presented at trial. *See* ECF No. 501; Tr. 3/12/19 at 16:8-9, 18:3-4, ECF No. 513. During trial, further briefing was requested concerning admissibility of documents related to the prior

3

civil verdict. *See* ECF No. 713. On June 13, 2019, the government and Katherine Kealoha filed supplemental memoranda. ECF Nos. 727, 729.[1]

## II. <u>ANALYSIS</u>

The United States argues that any information about the prior verdict, including related documents,[2] is inadmissible. *See generally* ECF Nos. 395, 727. The court will allow the fact that the Puanas lost the civil case and thus owe Katherine Kealoha a significant sum of money to be presented to the jury for the purpose of showing the Puanas' bias against Katherine Kealoha.

Otherwise, the court finds the prior verdict and related documents to be inadmissible. First, they are inadmissible hearsay to the extent that they are offered to prove the truth of the matters asserted. Second, they do not fall under any hearsay exceptions, including either the Rule 803(14) hearsay exception for records of documents affecting an interest in property or the Rule 803(15) hearsay exception for statements in documents affecting an interest in property. Third,

---

[1] Because both Katherine and Louis Kealoha filed the Opposition, ECF No. 442, but only Katherine Kealoha filed Supplemental Briefing, ECF No. 729, the court will refer to all defense arguments as Katherine Kealoha's arguments for the sake of simplicity.

[2] At different times, Katherine Kealoha has moved to admit various documents related to the prior verdict, such as the special verdict form, ECF No. 727-1, the judgment, ECF No. 729-1, and the judgment for attorneys' fees, ECF No. 729-2. Ultimately, it appears that Katherine Kealoha only seeks admission of the judgment and the judgment for attorneys' fees. *See* ECF No. 729 at PageID #6344. The court need not differentiate between these documents because it finds that all the relevant documents are inadmissible under the same reasoning.

4

they have no legally operative effect that is relevant to this case, so they cannot be admitted for a non-hearsay purpose. And fourth, even if otherwise admissible, Rule 403 bars admission because any probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and undue delay.

## A. The Puanas' Bias

During trial, the court has allowed Katherine Kealoha to narrowly discuss the prior civil verdict, including the amount owed, for the non-hearsay purpose of showing bias, specifically Gerard and Florence Puana's bias against Katherine Kealoha. The Puanas were both witnesses in the instant trial, and the outcome of the *Puana v. Kealoha* trial is relevant as to possible biases. In fact, the court instructed the jury as to the limited purpose of this evidence.[3]

---

[3] The instruction was as follows:

> COURT'S INSTRUCTION NO. 33
>
> You have heard evidence concerning the outcome of the prior civil lawsuit in the State of Hawaii between Florence Puana, Gerard Puana and Katherine P. Kealoha. This evidence was admitted for the sole purpose of assessing the credibility of the testimony of Gerard Puana and/or Florence Puana. Thus, you may not consider this evidence for any purpose or reason other than the credibility of Gerard Puana and/or Florence Puana.

ECF No. 824 at PageID #8832.

5

**B.     Hearsay**

Katherine Kealoha argues that the prior civil verdict and related documents are admissible for the purpose of proving the truth of the matter asserted because they fall under a hearsay exception.  *See* ECF No. 442 at PageID #3759-60, ECF No. 729 at PageID #6346.  The court disagrees.

> Hearsay is "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  A prior judgment is therefore hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment. . . .  Although Rule 803 contains exceptions for certain kinds of judgments, such as judgments of previous felony convictions and judgments as to personal, family, or general history or boundaries, civil judgments do not fit comfortably into any hearsay exception.

*United States v. Boulware*, 384 F.3d 794, 805-06 (9th Cir. 2004) (citations omitted); *see also United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) (applying *Boulware*); *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("The concern about evidence that is neither based on personal knowledge nor subject to cross-examination . . . explains an ultimate judgment's treatment as hearsay."); McCormick On Evid. § 298 (7th ed.) ("Historically, the courts were often unwilling to admit judgments in previous cases if neither res judicata nor collateral estoppel applied under the theory they were hearsay.").  Thus, as a

general matter, prior civil verdicts are considered inadmissible hearsay if used to prove the truth of the matter asserted in the verdict.

But Katherine Kealoha argues that the Rule 803(15) hearsay exception for statements in documents affecting an interest in property applies. *See* ECF No. 442 at PageID #3759; ECF No. 729 at PageID #6346. Rule 803(15) provides the following hearsay exception: "A statement contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose—unless later dealings with the property are inconsistent with the truth of the statement or the purport of the document."

An example of when this exception applies is *GEICO Indemnity Company v. Smith*, 2017 WL 1282789 (D. Ariz. Apr. 5, 2017), which found that several checks were admissible hearsay under Rule 803(15). *Id.* at *2 ("A check is a document that establishes or affects an interest in property because it orders the drawer's bank to pay the payee a sum certain in money. The date and any information listed in the 'for' line of a check is relevant to the check's purpose. And it does not appear that there were any subsequent dealings that are inconsistent with the truth of the statements or the purport of the checks." (footnote omitted)). A suit contesting the validity of a tax lien encumbering a property provides another example. *See Taylor v. United States*, 1993 WL 597379 (D. Ariz.

Sept. 27, 1993). That court found that settlement documents, escrow instructions, and an addendum to the escrow instructions—all regarding the sale of that property to the plaintiffs—were admissible hearsay under Rule 803(15). *Id.* at *2.

Katherine Kealoha argues that her case is like *Boulware*, which held that a prior civil verdict was admissible hearsay under Rule 803(15). ECF No. 442 at PageID #3759. In *Boulware*, the defense theory was that Boulware did not underreport his personal income to avoid taxes. *See Boulware*, 384 F.3d at 800. If Boulware had taken funds from his company and gifted them to a third party, those funds should have been reported on his personal income taxes (and thus he underreported). *See id.* at 800, 802-06. But if Boulware had instead given those funds to the third party to hold in constructive trust for the company, then he would not have been required to report those funds on his personal income taxes. *Id.* Accordingly, *Boulware* held that the prior civil verdict was admissible hearsay under Rule 803(15), but only for the purpose of "establish[ing] that [Boulware] had not gifted the funds to [the third party] and that [the third party] was and had been holding them in constructive trust for [the company]." *Id.* at 807.

Katherine Kealoha asserts this case is like *Boulware* because she "did not owe any funds to the Puanas and in fact the reverse was true with Gerard Puana owing money to Ms. Kealoha for damages." ECF No. 442 at PageID #3760.

8

Katherine Kealoha misunderstands *Boulware*. In *Boulware*, the fact that the prior civil verdict showed an interest in property was relevant to a key question in the case (whether the funds were gifted or merely given to be held in constructive trust), and it was admissible for that purpose only. Here, the prior civil verdict shows an interest in property in that the Puanas owed Katherine Kealoha for damages, attorneys' fees, and costs because the Puanas lost *Puana v. Kealoha*. But, unlike *Boulware*, the property interest is not relevant—it does not have "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Accordingly, the prior civil verdict and related documents are not admissible for the purpose of proving the truth of the matters asserted.[4]

## C. Legally Operative Verbal Conduct

Katherine Kealoha argues that the prior civil verdict and related documents are admissible as legally operative verbal conduct. *See* ECF No. 442 at PageID #3757-59, ECF No. 729 at PageID #6344-46. The court disagrees.

"A prior judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the

---

[4] For the same reasons, the court determines that the Rule 803(14) hearsay exception for records of documents affecting an interest in property does not apply.

9

parties." *Boulware*, 384 F.3d at 806 (citing *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004)); *see also Stinson*, 647 F.3d at 1210-11. *Stuart v. UNUM Life Insurance Company of America*, 217 F.3d 1145 (9th Cir. 2000), explained that:

> an out-of-court statement's significance "lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay. The effect is to exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights."

*Id.* at 1154 (quoting Fed. R. Evid. 801(c), advisory committee's note) (emphasis omitted); *see, e.g.*, *United States v. Arteaga*, 117 F.3d 388, 397 n.16 (9th Cir. 1997) (giving a hypothetical example: "the statement of a merchant that he is willing to sell 100 pounds of coffee for $300 may be legally operative as an offer; in an action on the contract, the truth of the statement is not at issue").

Katherine Kealoha argues that she is offering the prior verdict to show its legal effect because "[t]he verdict rejected all of the Puanas' claims against Ms. Kealoha and established that Ms. Kealoha did not engage in any financial wrongdoing of any kind." ECF No. 442 at PageID #3758. Further, she argues that "the verdict established that Gerard Puana made intentional misrepresentations of fact with knowledge of their falsity and committed abuse of process against Ms. Kealoha." *Id.* Finally, she argues that "[t]he jury awarded Ms.

10

Kealoha general damages in the amount of $200,000 and punitive damages in the amount of $210,000 as a result of Gerard's malfeasance." *Id.* at PageID #3758-59.

Katherine Kealoha's arguments are unavailing—she presents no relevant purpose for the legally operative effects of the prior verdict. *Cf. Sine*, 493 F.3d at 1036 n.13 (discussing how the prior judicial order in that case could have been admitted as legally operative verbal conduct to counter the defendant's "good faith" defense); *Stinson*, 647 F.3d at 1211 (holding that the prior judicial order was "not being offered merely to establish its legal effect, i.e. that Griffin had a legal right to be released from segregated housing as of the date of the order," but rather for its truth, "specifically so that the jury would agree with the prior judge's conclusions which corroborated [the witness's] testimony"). Instead, she simply offers it for its truth—that Katherine Kealoha prevailed in that lawsuit.

Accordingly, the prior civil verdict and related documents are not admissible as legally operative verbal conduct.

**D.    Rule 403**

The government argues that the civil verdict and related documents, if otherwise admissible, run afoul of Rule 403. *See* ECF No. 395 at PageID #3259; ECF No. 727 at PageID #6255. The court agrees, again except for the limited purpose of showing the Puanas' potential bias.

"A jury is likely to give a prior verdict against the same defendant more weight than it warrants. The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975); *see also Engquist v. Or. Dep't of Agr.*, 478 F.3d 985, 1009 (9th Cir. 2007) ("Commentators agree that most courts forbid the mention of verdicts or damage amounts obtained in former or related cases." (citations omitted)), *aff'd sub nom. Engquist v. Or. Dep't of Agr.,* 553 U.S. 591 (2008); *Cardinal v. Buchnoff*, 2010 WL 3339509, at *2 (S.D. Cal. Aug. 23, 2010) ("Courts are generally hesitant to admit other judicial opinions or statements into evidence, even when relevant, because judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." (citation and internal editorial marks omitted)).

For example, *Marez v. Bassett*, 2011 WL 13213813 (C.D. Cal. Oct. 3, 2011), determined that a prior verdict was inadmissible, reasoning:

> Even if such evidence were relevant, the Court would exclude it under Rule 403 because it risks unfair prejudice and delay or waste of time. A juror in this case who hears that prior juries found for Defendants in similar cases would likely be unduly swayed by that fact and perhaps not decide this case on its own merits. In

> addition, introducing evidence of those other trials is
> likely to give rise to time-consuming tangents about the
> merits of those trials. These risks of prejudice and waste-
> of-time clearly outweigh the at-best marginal relevance
> of those prior verdicts.

*Id.* at *3.

*Engquist* also held that a prior verdict was inadmissible on Rule 403 grounds, and in doing so, it distinguished the facts of its case from those in *Boulware*, which allowed prior verdict evidence. 478 F.3d at 1010. *Engquist* encompassed a workplace federal anti-discrimination lawsuit. *Id.* at 990. The prior verdict at issue in *Engquist* was a jury verdict finding that the same defendant discriminated against a co-worker of the *Engquist* plaintiff because of the co-worker's gender or ethnicity. *Id.* at 990-91. *Engquist* reasoned that the facts in *Boulware* "present[ed] a much smaller risk of prejudice or confusion of the issues; additionally, the state court judgment was highly probative of the defendant's tax liability." *Id.* at 1010. In contrast, *Engquist* determined that "there was a substantial risk that the jury would import the whole verdict of liability from the prior proceeding" under the facts of its case. *Id.*

The court has the same concerns about admitting the prior verdict and related documents as those identified in *Engquist*, *Bassett*, and *Coleman*: unfair prejudice, confusing the issues, misleading the jury, and undue delay. The court is

concerned that the jury might be improperly swayed into believing that because the Puanas lost the civil trial that Katherine Kealoha is necessarily not guilty in this matter. Further, the court is concerned that by admitting the verdict, the trial would then be delayed because the verdict would open up the door to further evidence about the civil trial. And the government has shown that the jury in the civil case was not shown the same evidence as in the instant case. For example, the Gerard K. Puana Revocable Trust was not entered into evidence in the civil case. The testimony of Kevin Sumida (in this case) further demonstrates the different evidence admitted in the two cases.

Accordingly, the prior civil verdict and related documents are not admissible (except for the purpose of showing the Puanas' potential bias) because they violate Rule 403.[5]

///

///

///

---

[5] Katherine Kealoha also argues that the rule of completeness requires the admission of the civil verdict and related documents because "to the extent that the government seeks to introduce other evidence from the Puana civil trial, it would violate due process by allowing the government to present a skewed story of the state civil trial." ECF No. 442 at PageID #3761. The court disagrees—"[t]he rule of completeness cannot be used as a means to admit otherwise inadmissible statements." *Sempra Energy v. Marsh USA, Inc.*, 2008 WL 11335050, at *1 n.3 (C.D. Cal. Oct. 15, 2008) (citing *Sine*, 493 F.3d at 1037 n.17).

## III. CONCLUSION

For the foregoing reasons, the United States' Motion in Limine is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Katherine Kealoha et al.,* Cr. No. 17-00582 JMS-WRP, Order Granting in Part and Denying in Part United States' Motion in Limine to Exclude Reference to Prior State Court Verdict, ECF No. 395