WILLIAM P. BARR
United States Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>KATHERINE P. KEALOHA (1),<br><br>                              Defendant. | CR. NO. 17-00582 JMS-WRP<br><br>BRIEF REGARDING REMAND OF KATHERINE KEALOHA |

I.

INTRODUCTION

For over a decade, Katherine Kealoha has repeatedly flaunted the law, leaving countless victims in her wake. She cannot now—as she must—establish by "clear and convincing" evidence that she is not likely to flee or pose a danger to the safety

of any other person or the community. The Court should order her detained pending sentencing.

## II.

## LEGAL STANDARD

When a defendant has been found guilty, detention is the rule, not the exception. *See* 18 U.S.C. § 3143; *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) (Section 3143 establishes a presumption in favor of detention). Specifically, the Court "shall" order the defendant detained unless the defendant can establish by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(a).

The burden is on the defendant to establish these elements by clear and convincing evidence. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990); *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("the burden is on the defendant"); *United States v. Bayko*, 774 F.2d 516, 521 (1st Cir. 1985) (same).

Kealoha cannot do so.

## III.

## ANALYSIS

A.   Kealoha used her extensive power as a lawyer and deputy prosecutor to frame her uncle with a crime he did not commit. True to her word, she attacked Gerard Puana with the "highest form" of legal retribution imaginable: false arrest

and false imprisonment. She did so through an endless web of lies and deceit. As the evidence at trial proved, Kealoha lies as easily as she draws breath. Those lies range from the simple to the highly complex. And those lies prove Kealoha will do anything and everything to avoid the consequences for her unlawful behavior. Frame her uncle. Falsely claim her grandmother was incompetent. Attack the Ethics Commission. The facts at trial alone establish the risk of flight and the danger Kealoha poses.[1]

B.   And there is much more. Post-indictment in this case, Kealoha tampered with a potential trial witness' testimony. The grand jury first returned the Indictment in this case on October 19, 2017. The Indictment alleged that Kealoha used an alias, Alison Lee Wong. The next month, in November 2017, Kealoha

---

[1] The Ninth Circuit has made clear that the "risk of danger" encompasses pecuniary or economic harm. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) ("danger may, at least in some cases, encompass pecuniary or economic harm"); *United States v. Lindsey*, 654 Fed. App'x 369, 373 (9th Cir. 2016) (unpublished) (finding that mortgage fraud showed defendant was "a danger to individuals and the community"); *see also United States v. Rotteveel*, 2016 WL 7436393 (E.D. Cal. 2016) (unpublished) (finding that defendant who was sentenced to 40 months in prison for mortgage fraud posed an economic danger to the community and denied the motion for bail pending appeal).

Other courts agree that danger to the community can encompass economic or pecuniary harm. *See United States v. Provenzano*, 605 F.2d 85, 95 (3d Cir. 1979) ("a defendant's propensity to commit crime generally, even if the resulting harm would be not solely physical, may constitute a sufficient risk of danger to come within the contemplation of the Act"); *United States v. Moss*, 522 F. Supp. 1033, 1035 (D.C. Pa. 1981) ("It is generally agreed, of course, that a Court may refuse bail on the ground that a defendant poses a threat to the community even though the threat is pecuniary rather than physical.").

mailed a letter to an individual the United States had previously interviewed about "Wong." (This person had prior electronic communication with "Wong.") Kealoha's letter began, "I'm asking for 10 minutes of your time." As to "Wong," the typed letter stated, "They claim that Alison Lee-Wong is not a real person. At least a hundred people from my Arbonne group met her and even more people worked with her on the HI Law Enforcement Memorial Foundation Gala in Dec. of 2010." Then, handwritten into the margin of the page, KEALOHA wrote, "I know you met her!"

> 4- They claim that Alison Lee-Wong is not a real person. At least a hundred different people from my Arbonne group met her and even more people worked with her on the HI Law Enforcement Memorial Foundation Gala in Dec of 2010.   I know you met her!

This witness has confirmed she has no memory of meeting Alison Lee Wong. That is no surprise. As the evidence at trial proved, Alison Lee Wong is not a real person. Or more accurately, Alison Lee Wong is Katherine Kealoha. There can be no other explanation for this letter than an attempt to influence a potential witnesses' testimony.

This is not the only time Katherine Kealoha has obstructed justice in this way. Indeed, two witnesses have pleaded guilty to conspiring with Katherine Kealoha to provide false testimony to the federal grand jury. *See United States v. Ebersole*, 18-CR-0094-JMS; *United States v. Taito*, 18-CR-0001-JMS. For example, Ebersole admitted, among other things, that Katherine Kealoha told him to deceive the federal grand jury about the true nature of their intimate relationship. *See* 18-CR-0094-JMS,

4

ECF No. 12 at 7; and Taito stated, among other things, that KEALOHA advised him "not to tell the truth to the grand jury." *See* 18-CR-0001-JMS, ECF No. 12 at 15.

Katherine Kealoha is also facing additional serious charges, including obstruction, bank fraud, aggravated identity theft, and conspiracy to distribute controlled substances in Criminal Case Nos. 18-00068-JMS-WRP and 19-0015-JMS-WRP. If convicted of these charges, Kealoha faces substantial additional time in custody. For example, the aggravated identity theft charge carries a mandatory two-year consecutive term to any sentence imposed. Kealoha's lengthy history of obstructing justice presents the substantial risk she will obstruct these future proceedings. *See, e.g.*, 18 U.S.C. § 3142(f)(2) (detention hearing appropriate in cases involving a "serious risk that such person will obstruct or attempt to obstruct justice . . . .").

C. Finally, Katherine Kealoha is a chronic malingerer, having previously feigned medical ailments to avoid accountability for her actions. When she is under the microscope, Katherine Kealoha claims bad health as a shield to cover her misdeeds. But her health is suddenly no issue when she turns the scope on others.

On or about March 7, 2013, the Puanas filed their civil complaint against Katherine Kealoha. Throughout that proceeding, Katherine Kealoha delayed the conclusion of her deposition several times. On February 21, 2014, for example, Katherine Kealoha's attorney supplied a doctor's note and informed opposing

5

counsel that K. Kealoha was "not presently able to sit for her continued deposition." And on May 12, 2014, Katherine Kealoha's attorney filed a declaration referring to Katherine Kealoha's "rather debilitating health problems" as the reason for delaying her deposition several times.

By May 1, 2014, however, K. Kealoha—in her capacity as a Deputy Prosecuting Attorney for the City and County of Honolulu—was healthy enough to present a 414-count indictment before the Hawaii state grand jury – the largest indictment ever in Hawaii state history. *See, e.g.*, *Hawaii v. Yoshimura, et al.*, 1PC141000717 (Haw. Cir. Ct.) (414-count indictment unsealed on May 5, 2014); *Yoshimura v. Kaneshiro*, et al., 18CV00038-LEK-KSC, Doc. No. 38 at ¶ 5(d) (K. Kealoha admitting she presented evidence before the state grand jury on May 1, 2014). This case was later dismissed based on prosecutorial misconduct.

//
//
//
//
//
//
//
//

## IV.

## CONCLUSION

Katherine Kealoha carries the heavy burden of establishing by clear and convincing evidence that she should not be detained. Given the serious crimes she committed in this matter and her lengthy history of obstructing justice, the Court should order her detention.

Dated: June 27, 2019                    Respectfully submitted,

WILLIAM P. BARR
United States Attorney General
ROBERT S. BREWER, JR.
United States Attorney

*/s/ Michael G. Wheat*
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KATHERINE P. KEALOHA (1),<br><br>　　　　　　　　Defendant. | CR. NO. 17-00582 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Michael G. Wheat, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2019.

　　　　　　　　　　　　　　s/ *Michael G. Wheat*　　　
　　　　　　　　　　　　　　MICHAEL G. WHEAT
　　　　　　　　　　　　　　Special Attorney to the Attorney General