IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 17-00582 JMS-WRP |
| Plaintiff, | ORDER DENYING MOTION FOR BAIL PENDING RULING ON 28 U.S.C. § 2255 PETITION, ECF NO. 1116 |
| vs. | |
| KATHERINE P. KEALOHA, | |
| Defendant. | |

## ORDER DENYING MOTION FOR BAIL PENDING RULING ON 28 U.S.C. § 2255 PETITION, ECF NO. 1116

## I. INTRODUCTION

Defendant Katherine P. Kealoha ("Defendant") has filed a "Motion to Dismiss and Release from Custody for Ineffective Counsel [sic] in Failure to File Notice of Appeal based on *Garza v. Idaho*" ("Motion for Release from Custody" or "§ 2255 Motion"), ECF No. 1112,[1] which the court has construed as a Motion for Relief under 28 U.S.C. § 2255. ECF No. 1113. On August 10, 2022, Defendant then filed a "Motion for Bail Pending the Briefing on the [§ 2255 Motion]" ("Motion for Bail"). ECF No. 1116. After careful review, the court determines that Defendant has failed to prove exceptional circumstances and a high probability

---

[1] Unless otherwise specified, all references to filings in this Order are to the docket in Cr. No. 17-00582 JMS-WRP.

1

of success on the merits of her § 2255 Motion, and thus her Motion for Bail is

DENIED.[2]

## II. <u>BACKGROUND</u>

On June 27, 2019, Defendant was convicted by a jury in Cr. No. 17-

00582 JMS-WRP of one count of conspiracy in violation of 18 U.S.C. § 371 and

three counts of obstruction of an official proceeding in violation of 18 U.S.C.

§ 1512(c)(2).  *See* ECF Nos. 164, 835, 836, 838, and 839.  On October 22, 2019,

Defendant then pled guilty to charges set forth in two separate indictments: she pled

guilty in Cr. No. 18-00068 JMS-WRP to one count of bank fraud in violation of 18

U.S.C. § 1344 and one count of aggravated identity theft in violation of 18 U.S.C.

§ 1028A; and she pled guilty in Cr. No. 19-00015 JMS-WRP to one count of

misprision of felony in violation of 18 U.S.C. § 4.  *See* ECF Nos. 201 and 203 in Cr.

No. 18-00068 JMS-WRP and ECF Nos. 85 and 86 in Cr. No. 19-00015 JMS-WRP.

As part of the guilty pleas in Cr. Nos. 18-00086 JMS-WRP and 19-

00015 JMS-WRP, Defendant also entered into a separate "Sentencing Agreement

and Appellate Waiver" in all three of her cases.  *See* ECF No. 927.  The Sentencing

---

[2] This Order only addresses Defendant's request to be released on bail.  Although her Motion for Bail includes substantive arguments regarding her § 2255 Motion, her claim of ineffective of assistance in the § 2255 motion will be addressed as appropriate separately at a later date.  To be clear, the court's ruling on the Motion for Bail—and the court's analysis of the timeliness of the § 2255 Motion—is based on the filings and information in the record as of this date.

Agreement provides that:

> In exchange for the United States' concessions in this Sentencing Agreement, Defendant knowingly waives (gives up), to the full extent of the law, all rights to appeal and collaterally attack every aspect of her conviction and any sentence within the maximum provided in the statutes of conviction, including any restitution and forfeiture orders, in this matter [Cr. No. 17-00582 JMS-WRP], in CR No. 18-00068 JMS-WRP and in CR No. 19-00015 JMS-WRP.  The only exception is that Defendant may collaterally attack her conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

ECF No. 927 at Page ID ## 11140–41.

On November 30, 2020, Defendant was sentenced to a total period of incarceration of 132 months based on her convictions in all three cases.  ECF No. 1019.  Judgment was entered on December 10, 2020.  ECF No. 1029. No notice of appeal was filed.

Defendant filed her Motion for Release from Custody (or § 2255 Motion) on July 22, 2022, ECF No. 1112, followed by her Motion for Bail on August 10, 2022, ECF No. 1116.[3]  She then filed several supplements in support of her § 2255 Motion and in support of her Motion for Bail pending a ruling on the

---

[3] A motion is deemed filed on the date an incarcerated defendant gave it to prison officials for mailing to the court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009).  Here, Defendant dated the Motion for Release from Custody on July 22, 2022, and the mailing envelope has a July 25, 2022 postmark.  ECF Nos. 1112, 1112-1.  For purposes of this Order, the court deems the Motion's filing date to be July 22, 2022.

§ 2255 Motion.  *See* ECF Nos. 1115, 1116, 1118, 1127, and 1128.  Read as a whole, Defendant appears to make several arguments in support of her request for release on bail—her attorney, Earle Partington, failed to file a notice of appeal, her trial attorney was ineffective, she suffers from several medical conditions, and she has experienced hardship while incarcerated.  As explained below, none of these justifies release from custody pending a ruling on the § 2255 Motion.

## III.  DISCUSSION

### A.  The Court's Power to Grant Bail Pending a § 2255 Proceeding Is Extremely Limited

Although Defendant bases her request for relief under 18 U.S.C. § 3143,[4] "[t]he Bail Reform Act does not apply to federal prisoners seeking postconviction relief."  *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994).  "Nevertheless, there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly."  *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing cases from the Second, Fifth, Sixth, and Tenth Circuits); *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (reaffirming that "the federal courts have inherent

---

[4] Section 3143, part of the Bail Reform Act, governs the release or detention of a defendant pending sentence or appeal.

4

authority to admit to bail individuals properly within their jurisdiction"); *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986) (same); *United States v. Dade*, 959 F.3d 1136, 1138 n.2 (9th Cir. 2020) (suggesting that district courts, in addition to circuit courts, have the authority to release a defendant pending a § 2255 petition ruling).

This power is "necessary to make the habeas remedy effective," *Mapp*, 241 F.3d at 226, consistent with a statutory mandate to decide habeas petitions "as law and justice require." 28 U.S.C. § 2243. "[H]abeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), and is to "be administered with . . . initiative and flexibility . . . ." *Harris v. Nelson*, 394 U.S. 286, 291 (1969). But the court's authority to grant bail pending habeas review "is a limited one, to be exercised in special cases only," *Mapp*, 241 F.3d at 226, and is "a power to be exercised very sparingly." *Cherek*, 767 F.2d at 337. The authority is to be exercised "only in unusual cases, or when extraordinary or exceptional circumstances exist . . . ." *Mapp*, 241 F.3d at 226 (quoting *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978)).

Specifically, in making this bail determination in habeas proceedings, courts consider two primary factors—exceptional circumstances and a high

likelihood of success on the merits.[5]  *See Dade* 959 F.3d at 1138;[6] *see also*

*Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (reasoning that "bail

pending post-conviction habeas corpus review [is] available 'only when the

petitioner has raised substantial constitutional claims upon which he has a high

probability of success, *and* also when extraordinary or exceptional circumstances

exist which make the grant of bail necessary to make the habeas remedy

effective'") (emphasis added) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th

Cir. 1974); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (same); *Hall v.

S.F. Superior Ct.*, 2010 WL 890044, at *3 (N.D. Cal. Mar. 8, 2010) (requiring

petitioner to meet both prongs).

Here Defendant fails on both factors—she has demonstrated neither

a high probability of success on the merits nor the existence of extraordinary

circumstances.

### 1.    *Defendant Has Not Shown a High Likelihood of Success on the Merits*

Defendant has failed to demonstrate a high likelihood of success on

---

[5] Traditional bail factors such as the potential that a defendant will flee or pose a danger to the community must also be considered.  Given the court's conclusion that Defendant has not demonstrated a likelihood of success or extraordinary circumstances, the court need not determine if Defendant would pose a risk of flight or danger to the community.

[6] *Dade* also states that "a federal defendant who would not be entitled to bail pending direct appeal under the terms of § 3143(b) is, for that reason alone, not entitled to bail pending resolution of his or her § 2255 proceedings."  *Id*. at 1139.

the merits of her § 2255 motion.

First, the court agrees with the government that Defendant's petition may well be time-barred. A one-year statute of limitations applies to § 2255 petitions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If a defendant "does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001)).

Because Defendant did not file a direct appeal, her judgment became final the day following the last day on which a notice of appeal to the Ninth Circuit could have been filed. *See United States v. Colvin*, 204 F.3d 1221,

1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence.").  And the deadline for filing a notice of appeal was within 14 days of the court's entry of judgment on December 10, 2020.  *See* Fed. R. App. P. 4(b)(1)(A) and 26(a).  Therefore, Defendant had through December 24, 2020, to file the notice, and the judgment became final on December 28, 2020 (not counting holiday and weekend days December 25, December 26 and 27 as specified in Fed. R. App. P. 26(a)(1)(c)).  Defendant filed her Petition on July 22, 2022—more than six months past the one-year deadline outlined in § 2255(f)(1).

Section 2255(f)(2) does not appear to provide Defendant any relief—she has not asserted that a governmental impediment prevented her from bringing this action.  Nor does 2252(f)(3) apply.  Although Defendant claims that her motion is based on the "new case law of" *Garza v. Idaho*, 139 S.Ct. 738 (2019), ECF No. 1112 at PageID # 17548, *Garza*, in fact, predated Defendant's sentencing, did not announce a new rule, and the Supreme Court has not made its ruling retroactive.

And although the court will await final briefing on the Motion for Release from Custody, it appears to the court from the briefing submitted to date that § 2255(f)(4) also doesn't apply.  There is simply no evidence before the

court that Defendant was unable to discover that no direct appeal had been filed through the exercise of reasonable diligence.  For example, as the government points out, Defendant had meetings with her prior counsel, Gary Singh, in early 2020.  She could have easily asked Mr. Singh for an update on her appeal.

Further (again, based on the filings received to date), it appears that equitable tolling would not apply.  "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time [and those] extraordinary circumstances [are] the cause of [the] untimeliness."  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (some alterations in original) (internal quotation marks and citation omitted).  Indeed, "the threshold necessary to trigger equitable tolling is very high."  *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (internal markings and citation omitted).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Neither of these elements is established here.

And even if Defendant's § 2255 motion was timely, and even if she is able to demonstrate that Earle Partington failed to file a notice of appeal after

being told to do so (and thus prevails on her § 2255 motion pursuant to *Garza*), that victory would almost certainly lead to an ultimate defeat before the Ninth Circuit. As set forth above, Defendant waived her right to appeal (which this court believes was knowing and voluntary)[7] in all three of her cases. The sole exception to the waiver is a claim for ineffective assistance of counsel, which the Ninth Circuit generally will not hear for the first time on appeal. *See United States v. Shehadeh*, 962 F.3d 1096, 1100 (9th Cir. 2020); *United States v. Baldwin*, 987 F.2d 1432, 1437 (9th Cir. 1993) ("Claims of ineffective assistance of counsel in federal criminal trials customarily are addressed on collateral attack under 28 U.S.C. § 2255, rather than for the first time on appeal.").[8]

### 2. *Defendant Has Failed to Demonstrate Exceptional Circumstances*

Defendant must make a showing that "there is some circumstance making [her Motion for Release from Custody] exceptional and deserving of special treatment in the interests of justice." *Dade*, 959 F.3d at 1138 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)).

---

[7] An appellate waiver is enforceable if waiver language encompasses the right to appeal on the ground raised, and the waiver is knowing and voluntary. *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021).

[8] For the same reasons stated above, it appears that any claim that Earle Partington was ineffective in failing to file an ineffective assistance of counsel claim against Defendant's trial counsel would also be time-barred.

Defendant has failed to meet this stringent standard.  She claims that she suffers from various medical ailments, but these issues were previously known to the court, and the court continues to believe that the Bureau of Prisons ("BOP") is equipped to address her medical condition.  She also complains of the harsh conditions imposed by the BOP due to COVID-19, but most all federal inmates are facing these same conditions.  In short, Defendant's stated rationale for her release fall well short of the sort of exceptional circumstances that would warrant relief.

Independently of the findings above, the court determines that Defendant's offense conduct makes the finding of a "circumstance . . . deserving of special treatment in the interests of justice" very difficult to prove.  Stated differently, given the nature of Defendant's conduct, it is not in the interests of justice to release her pending a decision on the merits of her § 2255 Motion.

Defendant's conduct was widespread, pervasive, and destructive.  During sentencing, the court provided an overview of the scope of her conduct:

> Ms. Kealoha took advantage of her own grandmother, a woman aged 89, who testified that she trusted her granddaughter.  Katherine lied to Florence, she cheated her, and she maintained her lifestyle or at least the image of the lifestyle that she wanted to convey on the back of her 89-year-old grandmother.

\* \* \*

11

And to be perfectly clear, that's exactly what you did, Ms. Kealoha.  You framed your uncle for a crime that he didn't commit.  Let me say that again.  You framed your uncle for a crime he never committed.  And given that your husband was the Chief of Police, the task wasn't difficult.

* * *

And as I said earlier, between the time of his arrest and his trial—in this courthouse I'm talking about now, the mailbox trial—she took steps in her official role as Deputy Prosecuting Attorney to have the DANC plea set aside.  And this wasn't done in the interest of justice.  It was done, as she did so many other things, to discredit Gerard.

* * *

While in private practice back in 2004, Ms. Kealoha became a court-appointed guardian for two minor children, Ransen Taito and his sister.  They received two checks, each for about $83,000. . . .  Ms. Kealoha proceeded to steal nearly all the money.

* * *

And here's what Ransen Taito says about Katherine. Katherine had Ransen sign false documents stating that he had been paid.  And Katherine claimed that Ransen's mother could go to jail if he did not sign.  Think about that.  Threatening your mother will go to jail if you don't do this.

* * *

And the evidence demonstrates the audacity and brashness of Ms. Kealoha's conduct.  Again, lying and stealing from your own grandmother.  Stealing from your own uncle.  Stealing funds held in trust for two minors

12

under court order.  And then having one of those minors
lie to the grand jury and threatening to incarcerate his
mother.  And then to avoid detection, attempting to
discredit Gerard by claiming he was using drugs and
having him sent to a drug treatment center, and then later
framing him for a crime he did not commit, causing
Gerard to be incarcerated and be put on trial.

* * *

[T]he corruption was able to flourish given Louis's
position as the Chief of Police, and Katherine's position
as a high ranking Deputy Prosecuting Attorney.  They
unabashedly used the power given to them to feed their
greed.  They reveled in greed and power.  They prized
self-indulgence and their lifestyle over honesty and
character.

ECF No. 1131 at PageID ## 11752–65.

In short, Defendant has failed to demonstrate that "there is some

circumstance making [her Motion for Release from Custody] exceptional and

deserving of special treatment in the interests of justice."  *Dade*, 959 F.3d at

1138.

///

///

///

///

///

## IV.  <u>**CONCLUSION**</u>

Defendant's Motion for Bail pending a ruling on Defendant's Motion for Release from Custody, ECF No. 1116, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 9, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Kealoha*, Cr. No. 17-00582 JMS-WRP, Order Denying Motion for Bail Pending Ruling on Motion for Release from Custody, ECF No. 1116